IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-60972

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY HOWARD, also known as Killoid

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Mississippi, Greenville
Case No. 4:06-CR-166-1

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anthony Howard appeals his jury conviction for four counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a). He argues that jury selection was performed unconstitutionally and that there was insufficient evidence to support his conviction. Finding no reversible error, we affirm.

Howard argues that the district court erroneously denied his challenges for cause to certain jurors, he was forced to use his peremptory challenges, and those were inadequate to prevent the seating of a biased juror. This series of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

events boils down to a single cognizable legal claim.[1]  A district court's erroneous refusal to grant a defendant's challenge for cause justifies reversal only if the defendant establishes that the jury which actually sat to decide his guilt or innocence was not impartial.  United States v. Wharton, 320 F.3d 526, 535 (5th Cir. 2003).  We review the district court's rulings on challenges for cause for manifest abuse of discretion.  Id.

Arguing that the jury was not impartial, Howard points to one juror, John Carpenter, who stated a belief that his brother and sister used drugs.  Howard argues that Carpenter's experiences with drugs "color[ed] his ability to be a fair, indifferent, and impartial juror."  In response to questioning by the court, Carpenter stated that these experiences would not affect him in this case and that he could be fair and impartial.  Additionally, Howard did not challenge Carpenter for cause at jury selection.  See Beck v. Washington, 369 U.S. 541, 557–58 (1962) ("The fact that petitioner did not challenge for cause any of the jurors so selected is strong evidence that he was convinced the jurors were not biased . . . .").  Even if the district court abused its discretion in denying Howard's challenges for cause, an impartial jury sat in Howard's case.

Howard additionally argues that the jury verdict was against the overwhelming weight of the evidence and that the evidence is insufficient as a matter of law to establish guilt beyond a reasonable doubt.  This court will not disturb a jury's verdict unless the record, viewed in the light most favorable to the verdict, demonstrates that a rational jury could not have found each of the elements of the offense beyond a reasonable doubt. U.S. v. Olis, 429 F.3d 540, 542 (5th Cir. 2005).

Howard asserts that Charles Perkins, a confidential informant who performed controlled buys from Howard and testified against him, was not

---

[1] Howard additionally argues that the size of the jury pool was inadequate to select an impartial jury.

credible because Perkins admitted to using crack cocaine within several days of trial, sold marijuana at some point in time, and could not remember being arrested for possession of crack cocaine. Although Perkins provided the principal testimony against Howard, his testimony was corroborated by the testimony of DEA agents and Mississippi Bureau of Narcotics agents and by physical evidence, including audio recordings of meetings between Howard and Perkins, video recording of a meeting between Howard and Perkins, and Howard's cell phone records. A reasonable jury could easily have found Howard guilty beyond a reasonable doubt of all the charged crimes.

For the foregoing reasons, Howard's conviction is AFFIRMED.